UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW D. COONCE,

    Plaintiff,

    v.                               CAUSE NO. 3:21-CV-60-JD-MGG

MARTIN, et al.,

    Defendants.

OPINION AND ORDER

Matthew D. Coonce, a prisoner without a lawyer, filed a complaint. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coonce alleges that Sgt. Martin violated the Prison Rape Elimination Act ("PREA"), 34 U.C.S. § 30301, *et seq.*, by asking to see his penis on multiple occasions and making sexually inappropriate comments to him. He filed several complaints under PREA, and he was dissatisfied with how Lt. Morgan handled his complaints. Coonce, however, cannot state a claim for relief against Sgt. Martin or Lt. Morgan because PREA does not provide a private right of action. *See Sims v. Doe*, No. 1:18-cv-2394-TWP-MPB,

2018 WL 4027632 at *2 (S.D. Ind. Aug. 22, 2018) (collecting cases). Similarly, prison staff's failure to follow internal policies pertaining to PREA reports does not state a claim under §1983. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, his allegations about PREA violations do not state a plausible claim for relief.

Coonce further alleges that, because of his PREA complaints, Sgt. Martin and Officer Lieghty brought false disciplinary charges against him. Coonce lost earned credit time because of the charges. A finding that the conduct report was fraudulent in this case would undermine the prison disciplinary finding that he was guilty. Therefore, Coonce cannot proceed on this claim until after the prison disciplinary proceeding is overturned or set aside. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Coonce also alleges that, after indicating he would get revenge, Sgt. Martin had Coonce transferred to Wabash Valley Correctional Facility in retaliation for filing PREA complaints against him. On October 27, 2020, Sgt. Martin came to Coonce's cell and told him to pack his things because he was being transferred. He told Coonce to thank him because he was going to "hell on earth." ECF 18 at 6. He was then transferred to the SCU at Wabash Valley Correctional Facility, which Coonce refers to as the most restrictive housing unit in the State of Indiana. "To prevail on his First Amendment retaliation claim, [Coonce] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a

2

motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Coonce engaged in First Amendment speech when he made complaints pursuant to PREA, and it can be plausibly inferred that Sgt. Martin arranged for the transfer because he accused him of violating PREA. However, not all transfers are sufficiently adverse to deter future First Amendment activity. "A transfer that objectively improves the prisoner's condition, for example, would not deter a person of ordinary firmness from engaging in protected activity." *Holleman v. Zatecky*, 951 F.3d 873, 881 (7th Cir. 2020). A transfer that results in "significantly more restrictions on [an inmate's] freedom," however, could deter a person of ordinary firmness from engaging in protected activity. Here, Coonce alleges that Sgt. Martin arranged for him to be transferred to Wabash, but it's unclear what role Sgt. Martin played in Coonce being assigned to the SCU. It's also unclear whether placement in SCU was one of the sanctions imposed when Coonce was found guilty of the allegedly false conduct violations.[1] However, giving Coonce the benefit of the inferences to which he is entitled at this early stage of the case, he will be permitted to proceed against Sgt. Martin on this claim.

Lastly, Coonce sues the Indiana Department of Correction. But, State agencies such as the IDOC are immune from suit pursuant to the Eleventh Amendment. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to the Eleventh

---

[1] If further factual development reveals that Coonce's placement in the SHU was a sanction imposed because he was found guilty of the disciplinary offense, then this claim may also be barred until his disciplinary offense if overturned. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Amendment immunity, *see MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999), but none of them apply here. Thus, he cannot proceed against the IDOC.

For these reasons, the court:

(1) GRANTS Matthew D. Coonce leave to proceed against Sgt. Martin in his individual capacity for compensatory and punitive damages for transferring Coonce to the SHU at Wabash Valley Correctional Facility in retaliation for filing PREA complaints against Sgt. Martin, in violation of the First Amendment;

(2) DISMISSES Matthew D. Coonce's claims that Sgt. Martin and Officer Lieghty brought false disciplinary charges against him WITHOUT PREJUDICE to his right to refile if his disciplinary sanction is overturned or set aside;

(3) DISMISSES all other claims WITH PREJUDICE;

(4) DISMISSES Lt. Morgan and Indiana Department of Correction;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sgt. Martin at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 18), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sgt. Martin to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 30, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT