UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW D. COONCE,

    Plaintiff,

    v.      CAUSE NO. 3:21-CV-60-JD-MGG

MARTIN,

    Defendant.

OPINION AND ORDER

Matthew D. Coonce, a prisoner without a lawyer, is proceeding in this case "against Sgt. Martin in his individual capacity for compensatory and punitive damages for transferring Coonce to the SHU at Wabash Valley Correctional Facility in retaliation for filing PREA complaints against Sgt. Martin, in violation of the First Amendment." ECF 19 at 4. On July 27, 2021, Sgt. Martin filed a motion for summary judgment arguing Coonce did not exhaust his administrative remedies before filing suit. ECF 26. With the motion, Sgt. Martin provided Coonce the notice required by N.D. Ind. L.R. 56-1(f). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Coonce did not file any response within the 28-day limit. On September 13, 2021, the

court extended the deadline for Coonce to respond to the summary judgment motion to October 12, 2021. ECF 30. This deadline passed over a month ago, but Coonce still has not responded. Therefore the court will now rule on the summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

"If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ." Fed. R. Civ. P. 56(e). Because Coonce has not responded to the defendants' summary judgment motion, he has not properly addressed their assertions of fact and the court accepts these facts as undisputed:

> 1. Plaintiff, Matthew D. Coonce, IDOC number 145910, is presently incarcerated by IDOC at Wabash Valley Correctional Facility, and was previously incarcerated at Miami Correctional Facility. (Ex. A, ¶11; Indiana

Department of Correction Offender Search Database; https://www.in.gov/apps/indcorrection/ofs/ofs.)

2. An offender grievance program is in place at Miami Correctional Facility. (Ex. A, ¶ 6.) The grievance program is intended to promote prompt and effective resolution of a broad range of issues or complaints offenders may have. (Ex. A, ¶ 9.)

3. During the relevant period, IDOC recognized only one grievance policy. (Ex. A, ¶ 8.)

4. The grievance procedure which was in place from September 27, 2020 to October 28, 2020 is the Offender Grievance Process, Policy and Administrative Procedure 00-02-301, effective September 1, 2020 ("Grievance Process"). (Ex. A, ¶ 12; Ex. B., *et seq.*)

5. The Grievance Process is available for use at all times, regardless of housing unit, and was made available to Plaintiff at Miami Correctional Facility's law library, and is included in the documentation provided to offenders at orientation. (Ex. A ¶¶ 23-25.)

6. The formal grievance process consists of three steps, in the following order:

> a) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolution;
> b) A written appeal to the Warden/designee; and
> c) A written appeal to the Department Grievance Manager.

(Ex. A ¶ 14; Ex. B, pp. [3], 9-14.)

7. The successful exhaustion of the grievance process requires an offender to timely complete each step or level of the Offender Grievance Process. (Ex. A, ¶ 15.) An offender must use the proper grievance form within the timeframe outlined in the Offender Grievance Process. *Id*.

8. An attempt at formal resolution by submission of a formal offender grievance, an appeal of that formal grievance to the Warden/designee, and a written appeal to the Department Grievance Manager are each necessary steps that must be completed before the grievance process is exhausted. (Ex. A, ¶ 16.)

9. An offender wanting to submit a grievance on an issue must complete State Form 45471, "Offender Grievance," no later than ten (10) business days from the date of the incident giving rise to the complaint and must meet the standards set forth in the offender grievance policy. (Ex. A, ¶ 17.)

10. Grievable issues include, but are not limited to, staff treatment, medical or mental health, actions of individual staff, acts of reprisal, and any other concerns relating to conditions of care or supervision within the IDOC. (Ex. A, ¶ 22.)

11. IDOC has no record of any formal grievance(s) or formal appeal(s) in relation to Plaintiff's claim of retaliation for the entirety of his incarceration at either Miami Correctional Facility or Wabash Valley Correctional Facility. (Ex. A, ¶ 28; Ex. C.)

  12. Plaintiff's History of Grievances shows only that that Plaintiff submitted a formal grievance on September 29, 2020, case number 119683, wherein he complains that Sergeant Martin spoke inappropriately to him. The grievance does not mention retaliation. (Ex. A, ¶ 29; Ex. C; Ex. D, *et seq.*)

  13. IDOC records indicate that Plaintiff never submitted any grievance appeals in association with this formal grievance. (Ex. A, ¶ 30.)

  14. Plaintiff would have had ten (10) business days from October 28, 2020 – the date when he was purportedly transferred to Wabash Valley Correctional Facility in retaliation for submitting PREA complaints – in which to submit a formal grievance for purported retaliation. (Ex. B at 9.)

  15. Thus, Plaintiff would have had until November 12, 2020 to submit a formal grievance in association with his retaliation claim. (Ex. A, *et seq.*; Ex. B at 9; Ex. C; Ex. D.)

  16. The Grievance Specialist cannot respond to an alleged issue of which she has no personal knowledge. (Ex. A, ¶ 31.)

  17. If Plaintiff had submitted a formal grievance of any kind in association with his retaliation claim, the Grievance Specialist would have received it and she would have responded to it in accordance with procedure. (Ex. A, ¶ 32.)

ECF 27 at 2-5.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file

4

complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Here, it is undisputed Coonce never submitted a grievance complaining of Sgt. Martin's conduct of retaliating against Coonce by transferring him to Wabash Valley Correctional Facility. Although Coonce complained of Sgt. Martin in Grievance 119683, this grievance was submitted prior to Coonce's transfer to Wabash Valley Correctional Facility and complained only that Sgt. Martin had spoken inappropriately to Coonce. ECF 27-4 at 2. Regardless, to the extent Grievance 119683 is related to Coonce's claim in this lawsuit, Coonce cannot rely on this grievance to show he exhausted his administrative remedies because it is undisputed Coonce never appealed this grievance after it was denied. As a result, the undisputed facts show Coonce did not exhaust the available administrative remedies before he filed this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS the summary judgment motion (ECF 26);

(2) DISMISSES this case WITHOUT PREJUDICE; and

(3) DIRECTS the clerk to enter judgment in favor of Sgt. Martin and against Matthew D. Coonce.

SO ORDERED on November 22, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT